L. Poe Leggette (Wyoming Bar No. 7-4652)
Mark S. Barron
Alexander K. Obrecht (Wyoming Bar No. 7-5542)
BAKER & HOSTETLER LLP
1801 California, Suite 4400
Denver, Colorado 80202-5835
Telephone:  303.861.0600
Facsimile:  303.861.7805
pleggette@bakerlaw.com
mbarron@bakerlaw.com
aobrecht@bakerlaw.com

*Attorneys for Petitioners Independent Petroleum Association of America*
*& Western Energy Alliance*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 MAR 26  PM 3 09

STEPHAN HARRIS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| INDEPENDENT PETROLEUM ASSOCIATION OF AMERICA, and WESTERN ENERGY ALLIANCE,<br><br>    Petitioners,<br><br>v.<br><br>SALLY JEWELL, in her official capacity as Secretary of the United States Department of the Interior, and BUREAU OF LAND MANAGEMENT,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Case No. <u>15-CV-41-F</u> |

## NOTICE OF A RELATED CASE

Petitioners Independent Petroleum Association of America ("IPAA") and Western

Energy Alliance ("the Alliance") submit respectfully this notice of a related case.

On March 26, 2015, the State of Wyoming filed a Petition for Review of Final Agency

Action, challenging the United States Bureau of Land Management's recently issued hydraulic

fracturing regulations. *See* Petition for Review of Final Agency Action, *Wyoming v. U.S. Dep't of the Interior*, No. 15-CV-43-S (D. Wyo. Mar. 26, 2015), ECF No. 1 (attached hereto); *see also* Oil and Gas; Hydraulic Fracturing on Federal and Indian Lands; Final Rule, 80 Fed. Reg. 16,128 (Mar. 26 2015). The State of Wyoming's case is related to the instant case because the State of Wyoming's petition challenges the same final agency action, raises similar legal claims, requests the same relief, and involves the same respondents. *Compare* Petition for Review of Final Agency Action, *Wyoming v. U.S. Dep't of the Interior*, No. 15-CV-43-S (D. Wyo. Mar. 26, 2015), ECF No. 1, *with* Petition for Review of Final Agency Action, *Indep. Petroleum Assoc. of Am. v. Jewell*, No. 15-CV-41-F (D. Wyo. Mar. 20, 2015), ECF No. 1.

Submitted respectfully this 26th day of March, 2015,

L. Poe Leggette
Mark S. Barron
Alexander K. Obrecht
BAKER & HOSTETLER LLP
1801 California, Suite 4400
Denver, Colorado 80202-5835
Telephone: 303.764.4020
Facsimile: 303.861.7805
pleggette@bakerlaw.com
mbarron@bakerlaw.com
aobrecht@bakerlaw.com

*Attorneys for Petitioners, Independent Petroleum Association of America and Western Energy Alliance*

606092994.2

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2015, a true and correct copy of the

foregoing Notice of a Related Case was served upon the following parties by United States first

class certified mail, return receipt requested:

The Honorable Sally Jewell
Secretary of the Interior
United States Department of the Interior
1849 C Street, NW
Washington, DC 20240

Bureau of Land Management
1849 C Street, NW
Room 5665
Washington, DC 20240

Civil-Process Clerk
United States Attorney's Office
District of Wyoming
Post Office Box 668
Cheyenne, WY 82003-0668

The Honorable Eric H. Holder, Jr.
Attorney General
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Susan Quinn

Susan Quinn

- 3 -

Michael J. McGrady, WSB No..6-4099
Senior Assistant Attorney General
Jeremy A. Gross, WSB No. 7-5110
Assistant Attorney General
Wyoming Attorney General's Office
123 State Capitol
Cheyenne, Wyoming 82002
(307) 777-6946
(307) 777-3542 *facsimile*
mike.mcgrady@wyo.gov
jeremy.gross@wyo.gov
*Attorneys for Petitioner State of Wyoming*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 MAR 26  AM 8 30

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STATE OF WYOMING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. *15CV43-S* |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| THE INTERIOR; SALLY JEWELL, in her | ) | |
| official capacity as Secretary of the Interior | ) | |
| UNITED STATES BUREAU OF LAND | ) | |
| MANAGEMENT; and NEIL KORNZE, in | ) | |
| his official capacity as Director of the | ) | |
| Bureau of Land Management | ) | |
| | ) | |
| Respondents. | ) | |

## PETITION FOR REVIEW OF FINAL AGENCY ACTION

The State of Wyoming hereby petitions the Court for review of the final agency action of the United States Department of the Interior, Interior Secretary Sally Jewell, the Bureau of Land Management (BLM), and BLM Director Neil Kornze in promulgating the hydraulic fracturing rule published in the Federal Register on March 26, 2015. *See* 80 Fed. Reg. 16128 (Mar. 26, 2015). The BLM's rule, which regulates underground injections in the fracturing process, exceeds the agency's statutory jurisdiction, conflicts with the Safe Drinking Water Act, and unlawfully interferes with the State of Wyoming's hydraulic fracturing regulations.

1.      The Administrative Procedure Act requires courts to hold unlawful and set aside agency action that is contrary to law or in excess of statutory jurisdiction. 5 U.S.C. § 706(2)(A), (C).

2.      The BLM's hydraulic fracturing rule exceeds the statutory jurisdiction Congress granted to the Department of the Interior and the BLM in the Federal Land Policy and Management Act (FLPMA), 43 U.S.C. §§ 1701-84, and the Mineral Leasing Act (MLA), 30 U.S.C. §§ 181-287.

a.      The BLM's hydraulic fracturing rule regulates the underground injection of fluids and proppants as part of the hydraulic fracturing process. 80 Fed. Reg. at 16130–31 (to be codified at 43 C.F.R. pt. 3160).

b.      The BLM cites the FLPMA and the MLA as authority for the fracturing rule. 80 Fed. Reg. at 16186.

c.      In 1974, Congress created a comprehensive program for regulating underground injections in Part C of the Safe Drinking Water Act, known commonly

2

as the underground injection control (UIC) program. *See* Pub. L. No. 93-523, 88 Stat. 1660 (1974) (codified as amended at 42 U.S.C. §§ 300h - 300h-8).

d.      The UIC program commits exclusive authority to regulate underground injections to the states and the U.S. Environmental Protection Agency (EPA). *See* 42 U.S.C. § 300h-1 (state primary enforcement responsibility); *id.* § 300h(b)(1)(A) (prohibiting "any underground injection" without a permit); *Legal Envtl. Assistance Found., Inc. v. U.S. Envtl. Protection Agency*, 118 F.3d 1467, 1474 (11th Cir. 1997) ("[I]t is clear that Congress dictated that *all* underground injection be regulated under the [Safe Drinking Water Act.]") (emphasis in original).

e.      The FLPMA, which Congress enacted two years later, does not authorize the BLM to create a separate program to regulate underground injections outside the Safe Drinking Water Act.

   i.      In the FLPMA Congress generally required the BLM to manage public lands for sustained yields of multiple uses, 43 U.S.C. § 1732(a); to prevent unnecessary and undue degradation of the lands, § 1732(b); and to protect the quality of environmental, ecological, and water resources on public lands, § 1701(a)(8).

   ii.      However, Congress made clear that the FLPMA shall not be construed "as affecting in any way any law governing . . . use of . . . water on public lands," nor "as superseding, modifying, or repealing . . . existing laws applicable to the various Federal agencies which are authorized to develop or participate in the development of water

3

resources or to exercise licensing or regulatory functions in relation thereto." Pub. L. No. 94-579, § 701, 90 Stat. 2786-87 (1976) (uncodified).

f.　　The MLA also does not provide the Department of Interior or the BLM with authority to regulate underground injections.

　　i.　　The MLA regulates the leasing and development of federally owned oil and gas resources. *See generally* 30 U.S.C. § 181.

　　ii.　　The MLA authorizes the Secretary of the Interior to regulate surface disturbing activities and to prevent waste of oil and gas resources. *Id.* at §§ 189, 225, 226(g).

　　iii.　　However, nowhere in the MLA did Congress contemplate the regulation of underground injections.

g.　　In light of Congress's specific intent that the UIC program provide the exclusive means for regulating underground injections, the general authorities granted to the BLM and the Interior Department in the FLPMA and the MLA cannot be read to authorize regulation of underground injections outside the UIC program.

h.　　If Congress intended the FLPMA or the MLA to create special BLM or Interior Department programs for regulating underground injections outside the Safe Drinking Water Act, Congress would have said so, as it has in other environmental regulatory contexts. *See, e.g.*, 10 U.S.C. §§ 2701-11 (creating special regulatory program for remediating military site contamination).

3.　　The BLM's hydraulic fracturing rule violates the Safe Drinking Water Act.

4

a.     To ensure a uniform system of regulation under the Safe Drinking Water Act, Congress required federal agencies to comply with the UIC program. 42 U.S.C. § 300j-6(a)(4).

b.     Congress intended this requirement to ensure that regulators will treat "underground injection wells on Federal property the same as any other . . . underground injection well and will enforce applicable regulations to the same extent and under the same procedures." H.R. Rep. No. 93-1185 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6454, 6494.

c.     In the 2005 Energy Policy Act, Congress prohibited the regulation of hydraulic fracturing under the UIC program. *See* Pub. L. No. 109-58, § 322, 119 Stat. 594 (2005) (codified at 42 U.S.C. § 300h(d)(1)(B)).

d.     Although Congress required all underground injections, including those on federal property, to be subject to uniform regulation under the UIC program, the BLM's hydraulic fracturing rule purports to regulate precisely the activity that Congress prohibited from federal regulation under the UIC program.

4.     The BLM's hydraulic fracturing rule exceeds the statutory jurisdiction Congress granted to the BLM in the FLPMA and the MLA and is contrary to the Safe Drinking Water Act, and should therefore be set aside in accordance with 5 U.S.C. § 706(2).

5.     This Court has jurisdiction over this Petition pursuant to 28 U.S.C. § 1331 because the claims presented arise under federal law.

5

6.     Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(C) because Petitioner resides within the District of Wyoming.

7.     The promulgation of the hydraulic fracturing rule is a final agency action subject to appellate review in this Court. 5 U.S.C. § 702; *see also Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994).

WHEREFORE, the State requests that this Court:

A.     Declare that the Respondents violated the Administrative Procedure Act and the Safe Drinking Water Act in promulgating the BLM's hydraulic fracturing rule;

B.     Set aside and vacate the BLM's hydraulic fracturing rule;

C.     Enter other temporary, preliminary, or permanent injunctive relief as the Petitioner may hereafter specifically seek; and

D.     Grant the State such additional relief as the Court deems just and proper to remedy Respondents' violations of law and protect Petitioner's interests.

6

Submitted this 26th day of March, 2015.

FOR THE STATE OF WYOMING

Michael J. McGrady, WSB No. 6-4099
Senior Assistant Attorney General
Jeremy A. Gross, WSB No. 7-5110
Assistant Attorney General
Wyoming Attorney General's Office
123 State Capitol
Cheyenne, Wyoming 82002
(307) 777-6946
(307) 777-3542 *facsimile*
mike.mcgrady@wyo.gov
jeremy.gross@wyo.gov

*Attorney for Petitioner State of Wyoming*

7