L. Poe Leggette (Wyoming Bar No. 7-4652)
Mark S. Barron
Alexander K. Obrecht (Wyoming Bar No. 7-5442)
BAKER & HOSTETLER LLP
1801 California, Suite 4400
Denver, Colorado 80202-5835
Telephone: 303.861.0600
Facsimile: 303.861.7805
pleggette@bakerlaw.com
mbarron@bakerlaw.com
aobrecht@bakerlaw.com

*Attorneys for Petitioner Independent*
*Petroleum Association of America &*
*Western Energy Alliance*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| INDEPENDENT PETROLEUM ASSOCIATION OF AMERICA, and WESTERN ENERGY ALLIANCE, <br><br> Petitioners, <br><br> v. <br><br> SALLY JEWELL, in her official capacity as Secretary of the United States Department of the Interior, and BUREAU OF LAND MANAGEMENT, <br><br> Respondents. | Civil Case No. 2:15-CV-00041-SWS |

## AFFIDAVIT OF DAN NAATZ IN SUPPORT
## OF MOTION FOR PRELIMINARY INJUNCTION

    1.    My name is Daniel Thomas Naatz. I am the Senior Vice President of Government

Relations and Political Affairs for the Independent Petroleum Association of America ("IPAA").

I have served in that capacity since January 2, 2003. IPAA's offices are located at 1201 15th

Exhibit 1

Street NW, Suite 300, Washington, DC, 20005. I can be contacted at 202.857.4722 or dnaatz@ipaa.org.

2.      I am over the age of twenty-one years old, and I have personal knowledge of the facts set forth herein. I would and could testify to these facts if called upon to do so in a court of law.

3.      IPAA is the leading national upstream trade association representing thousands of independent oil and natural gas producers and service companies across the United States. Independent producers generally include non-integrated oil and gas companies that receive nearly all revenue from production at the wellhead. One of IPAA's primary purposes is to advocate for its members' interests in continued and responsible oil and gas development before Congress and federal agencies and in the judicial system.

4.      In my role as Senior Vice President of Government Relations and Political Affairs, I am responsible for supervising IPAA's work related to proposed federal regulations governing oil and gas development on federal and Indian lands.

5.      On its members' behalf, IPAA has actively participated in the rulemaking process associated with the final rule on hydraulic-fracturing that the Bureau of Land Management ("BLM") issued in March 2015. *See* 80 Fed. Reg. 16,128 (Mar. 26, 2008). Among other efforts, IPAA has attended public information sessions, conducted legal and technical meetings with federal officials and staff, and submitted substantive comments in response to proposed rules.[1]

---

[1] On May 11, 2012, BLM issued proposed regulations to "regulate hydraulic fracturing on public land and Indian land." 77 Fed. Reg. 27,691 (May 11, 2012). On September 10, 2012, IPAA submitted comments responsive to that proposal. *See* Letter from Daniel T. Naatz & Kathleen Sgamma to Director, Bureau of Land Mgmt. (Sept. 10, 2012), available at: http://www.regulations.gov/#!documentDetail;D=BLM-2012-0001-7373. On May 24, 2013, BLM issued a revised proposed rule. *See* 78 Fed. Reg. 31,636 (May 24, 2013). On August 22, 2013, IPAA submitted comments responsive to the revised proposal. *See* Letter from Dan Naatz & Kathleen Sgamma to Neil Kornze (Aug. 22, 2013), available at: http://www.regulations.gov/#!documentDetail;D=BLM-2013-0002-5410.

As part of my duties at IPAA, I supervised IPAA's efforts to participate in this rulemaking process.

6.      On September 9, 2013, after the close of the public comment period on the final hydraulic fracturing rule, I received an e-mail from Steven Wells, Chief of the Fluid Mineral Division at BLM. *See* Ex. A, E-mail from Steven Wells to Dan Naatz (Sept. 9, 2013). Mr. Wells' e-mail referenced a concern about the possibility of "communication between wells" and opined that "watching for the hits is important." *Id.* Mr. Wells asked IPAA to "[l]et me know what you think." *Id.*

7.      On September 20, 2013, Ms. Kristen Lingley, then IPAA's Manager of Federal Lands and Regulatory Affairs (and a member of my staff), responded to Mr. Wells' e-mail. *See* Ex. B, E-mail from Kristen Lingley to Steven Wells (Sept. 20, 2013). Ms. Lingley thanked Mr. Wells for raising the issue of "well communication" to IPAA's attention and proposed that IPAA set up a meeting with Mr. Wells to "touch base with you on this issue and federal lands issues." *Id.*

8.      On October 29, 2013, Ms. Lingley, myself, and IPAA's outside counsel, Mark Barron, attended a meeting with Mr. Wells and several members of Mr. Wells' staff at BLM's offices located at 20 M Street SE, Washington, DC 20003. At that meeting, Mr. Wells was accompanied by Mr. Subijoy Dutta, Mr. John Ajak, and Mr. James Tichenor. A copy of the business cards these individuals provided at that meeting is attached as Ex. C to this declaration.

9.      Because the public comment period on the hydraulic fracturing rule had closed on August 23, 2013, our team understood that the meeting on October 29, 2013 would be to discuss the issue of communication between wells, or "frac hits," and that the BLM officials were not at liberty to discuss the hydraulic fracturing rule during that meeting.

10.     Mr. Wells confirmed our understanding during that meeting. Mr. Wells advised IPAA that "frac hits" represented an issue that was concerning to him and Mr. Wells encouraged industry members to take a proactive approach in addressing the potential problem. But Mr. Wells explained that, because the issue of frac hits had not been addressed in the supplemental proposed rule, *see* 78 Fed. Reg. 31,636 (May 24, 2013), that the regulation of frac hits could not be a part of the final hydraulic rule without BLM re-issuing another supplemental proposed rule.

11.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 18, 2015.

Daniel Thomas Naatz